IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE ) | |
| ) | |
| MARIA ISABEL LOPEZ-GRANADINO, ) | CASE NO. 08-30707-H3-13 |
| ) | |
| Debtor, ) | |
| ) | |

## MEMORANDUM OPINION

The court heard the "Emergency Motion To Declare The Automatic Stay In Effect and To Extend Stay or Alternate Relief" (Docket No. 6) filed by Maria Isabel Lopez-Granadino, Debtor. After consideration of the motion, opposition thereto (Docket No. 26) filed by First Horizon Home Loans, evidence, testimony and argument of counsel, the court makes the following Findings of Fact and Conclusions of Law denying the motion. A separate Judgment will be entered in conjunction with this Memorandum Opinion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

First Horizon Home Loans ("Creditor") holds a security interest on the homestead of Maria Isabel Lopez-Granadino ("Debtor"), located at 910 Ogilvie Street, Houston, Texas 77017 (hereinafter, the "Property"). Debtor was in default according

to the terms of the note and deed of trust.  The Property was foreclosed on February 4, 2003 and Substitute Trustee's Deed was filed on February 10, 2003.  Eviction proceedings were commenced to obtain possession of the property.

Maria Isabel Lopez-Granadino ("Debtor") filed a voluntary petition in her first Chapter 13 case, Case No. 03-33908-H3-13, on March 14, 2003.  William E. Heitkamp ("Trustee") was the Chapter 13 Trustee.  Debtor also filed an adversary proceeding, Adversary No. 03-3691, on May 13, 2003, seeking to set aside the foreclosure sale.  An agreement was reached and the foreclosure sale was rescinded.  There was a wage order in effect and a plan confirmed.  The Trustee filed an initial motion to dismiss the first case (Case No. 03-33908-H3-13, Docket No. 70) based upon Debtor's failure to make plan payments.  It was withdrawn after Debtor modified her plan.  Subsequently, Debtor's first case was dismissed on October 6, 2005 on the Trustee's second motion for failure to make plan payments.  Case No. 03-33908-H3-13, Docket No. 99.

Approximately four months later, on February 6, 2006, Debtor filed a second Chapter 13 petition, Case No. 06-30502-H3-13, with William E. Heitkamp appointed as the Chapter 13 Trustee. In the second case, Debtor filed a motion to extend the automatic stay which was opposed by Creditor.  After a hearing on the motion, Debtor and Creditor entered into an Agreed Order

extending the stay, with the proviso that in the event the case was subsequently dismissed, the dismissal would be with prejudice, prohibiting Debtor from filing another bankruptcy case within 180 days from the date of entry of the dismissal order. The Agreed Order also provided that in the event Debtor did file a subsequent case, Debtor would not file a motion to extend the automatic stay as to Creditor and the Property.  Case No. 06-30502-H3-13, Docket No. 16.

Debtor's second case was confirmed.  A wage order was in effect in the second case.  The Trustee filed an initial motion to dismiss the second case based upon Debtor's failure to make plan payments.  The case was dismissed but reinstated thereafter on Debtor's motion.  Case No. 06-30502-H3-13, Docket Nos. 61 and 69.  Subsequently, Debtor's second case was dismissed on September 20, 2007 on the Trustee's motion for failure to file a motion to modify the plan and for failure to make plan payments.  Case No. 06-30502-H3-13, Docket No. 87.

Creditor sent Debtor a Notice of Default on October 25, 2007 and posted the Property for foreclosure.  The Property was foreclosed on February 5, 2008.  Debtor filed her third bankruptcy petition on February 4, 2008.  William E. Heitkamp is the Chapter 13 Trustee and a wage order is in effect in the instant case.  Debtor filed the instant motion on February 6, 2008, requesting that the court declare the automatic stay in

effect.  Creditor contends that no stay was created based upon Debtor's waiver of the automatic stay pursuant to the terms of the Agreed Order in Debtor's second bankruptcy proceeding.  Case No. 06-30502-H3-13, Docket No. 16.

The instant case is Debtor's third bankruptcy proceeding since March 2003.  Debtor testified that she was aware that her two prior cases were dismissed on the basis of her failure to make plan payments.  She also testified that she had not been diligent in maintaining communication with her attorney.  She did not dispute that her plan payments were irregular in her prior cases.  The last payment Debtor made to Creditor was September 11, 2007.  The proposed plan in the instant case reflects arrears of over $20,000.00 owed to Creditor.  Case No. 08-30707-H3-13, Docket No. 2.  Debtor offered no other evidence to support a showing that the instant proceeding was filed in good faith or that she now has the ability to make payments and complete a plan.

## Conclusions of Law

Courts have taken three basic approaches in addressing the enforceability of prepetition waivers of the automatic stay: uphold the stay waiver in broad terms; reject the stay waiver as against public policy; and make a determination on a case-by-case basis.  The trend is to treat these prepetition waivers as neither per se invalid or per se enforceable, and to enforce them

in specific factual circumstances that, on balance, override the bankruptcy policies behind the automatic stay.  *In re Powers*, 170 B.R. 480 (Bankr. D. Mass. 1994).  The single most important factor in the enforcement of the waiver is the prospect of the reorganization of the debtor.  *In re Darrell Creek Assocs.*, L.P., 187 B.R. 908 (Bankr. D.S.C. 1995); *Farm Credit of Cent. Fla., ACA v. Polk,* 160 B.R. 870 (M.D. Fla. 1993).

The enforcement of a prepetition waiver of the automatic stay is not self-executing but is subject to the approval of the bankruptcy court.  Thus, even if enforceable, the waiver does not enable the secured creditor to enforce its lien without first obtaining stay relief from the bankruptcy court.  Although the Fifth Circuit Court of Appeals has not specifically addressed the issue of enforcement of prepetition waivers, it has held that a creditor must seek relief from the automatic stay prior to a unilateral seizure of property that was arguably not property of the estate.  *See In re Chesnut,* 422 F.3d 298 (5th Cir. 2005); *In re Darrell Creek Assocs.*, L.P., *supra.*; *Farm Credit, supra.*

Section 362(c)(3) of the Bankruptcy Code provides:

(c) Except as provided in subsections (d), (e), (f), and (h) of this section--

\* \* \*

(3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the

debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

(B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

(C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--

   (i) as to all creditors, if--

   (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1-year period;

   (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to--

      (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

>    (bb) provide adequate protection as ordered by the court; or
>
>    (cc) perform the terms of a plan confirmed by the court; or
>
> (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded--
>
>    (aa) if a case under chapter 7, with a discharge; or
>
>    (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and
>
> (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor.

11 U.S.C. § 362(c)(3).

The burden of proof for obtaining an extension of the original 30-day period of the automatic stay is on the debtor. *See In re Charles*, 332 B.R. 538 (Bkrtcy.S.D.Tex.,2005).

In the instant case, Debtor has filed an individual case under Chapter 13 within one year after a preceding Chapter 13 case was pending. With respect to the question of whether a presumption applies that the instant case was not filed in good faith, the prior case (Debtor's second bankruptcy filing) was dismissed within such 1-year period, after the debtor failed to

perform the terms of a plan confirmed by the court.  Thus, pursuant to Section 362(c)(3)(C)(i)(II), the court concludes that the presumption that the instant case was not filed in good faith applies.

Under Section 362(c)(3)(C) of the Bankruptcy Code, the presumption that a case is not filed in good faith may be rebutted by clear and convincing evidence.  11 U.S.C. § 362(c)(3)(C).  The only evidence submitted by Debtor was that she executed a wage order in the instant case and now has better communication with her attorney.  In the instant case, Debtor has failed to rebut the presumption that the case was not filed in good faith.  The court concludes that the instant motion should be denied.  The court need not address the issue of the enforceability of the prepetition waiver of the automatic stay.

Based on the foregoing, a separate Judgment will be entered denying the "Emergency Motion To Declare The Automatic Stay In Effect and To Extend Stay or Alternate Relief" (Docket No. 6) filed by Debtor.

Signed at Houston, Texas on this 12th day of March 2008.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE